ROBERTS, Justice.
In an original Prohibition proceeding filed here by the relator Josey, we are called upon to decide whether the provisions of § 440.44(4) (b), Fla.Stat., F.S.A., quoted hereafter, operate as an absolute bar to the appointment, as a deputy commissioner pro hac vice, of an attorney who is engaged in *778 the practice of workmen’s compensation law before the Florida Industrial Commission, so that an attorney so appointed as deputy commissioner pro hac vice has no jurisdiction to act as such. The question arose under the following facts:
Relator Josey, as an employee-claimant, was unsuccessful in his claim for workmen’s compensation in a proceeding heard by the respondent Cohen as a regularly-appointed full-time Deputy Commissioner. The award denying compensation was affirmed by the Full Commission but was disapproved by the District Court of Appeal, Third District, because of the failure of the Deputy Commissioner to make adequate findings of fact. The Commission’s order of affirmance was quashed by the reviewing court “with directions * * * to remand the cause to the deputy commissioner for the entry of a compensation order including his factual conclusions or findings drawn from the evidence submitted.”
The respondent Cohen had resigned pending the review of Josey’s claim by the appellate court. Accordingly, the Commission with the approval of the Governor appointed Cohen as deputy commissioner pro hac vice to enter an amended order in Josey’s claim pursuant to the direction of the appellate court. This Suggestion for the Writ of Prohibition followed.
Section 440.44(4) (b), supra, authorizes the Florida Industrial Commission to appoint, among others, deputy commissioners and to fix their compensation and prescribe their duties. Only attorneys at law admitted to practice in this state are eligible for appointment as deputy commissioners. Then follows the provision here relied upon by Relator:
“ * * * provided, however, that no deputy commissioner shall accept any employment as an attorney for an insurance company, employer or claimant to prosecute or defend any action that may arise, directly or indirectly, out of a compensation matter.”
We do not read into the statute anything except a direction to a duly appointed deputy commissioner not to engage in the practice of workmen’s compensation law after his appointment, which means that he must not accept any new cases and must turn over to other attorneys for disposition any compensation matters that may have been pending in his office at the time of his appointment. Should any deputy commissioner fail to comply with the statutory direction in this respect, such conduct might justify the revocation of his appointment and perhaps, in some cases, disciplinary action. The statutory prohibition is, however, against the practice of workmen’s compensation law after his appointment, and not against the performance of his duties as deputy commissioner. It follows, therefore, that the jurisdiction of the deputy commissioner over compensation matters pending before him at the time of such professional misconduct would not be affected thereby. Thus, the fact that the respondent Cohen may have had workmen compensation cases pending in his office at the time of his appointment, which he did not and has not turned over to other attorneys for disposition, would not affect his jurisdiction to act in the compensation matter for which he was appointed. Moreover, in the circumstances of this particular case —i. e., where an attorney is appointed merely to act pro hac vice in entering an amended and more detailed compensation order to include his factual findings and conclusions drawn from the evidence previously submitted to him — we see no valid reason for holding that, as a matter of professional ethics, he should turn over to other attorneys for disposition any compensation matters pendmg in his office. The purpose of the Commission in appointing Cohen to act pro hac vice in this matter was obviously to save the litigants the expense and delay of re-trying the claim before another deputy commissioner. If the Commission — presumably knowing of Cohen’s representation of litigants in compensation matters— deems it advisable to make the appointment pro hac vice for such a laudable and limited *779 purpose, we think that Cohen cannot be censored for accepting the appointment to assist in that purpose, even though he does so without intending to deplete his law practice by turning over his pending workmen’s compensation cases to other attorneys.
For the reasons stated above, the Rule Nisi heretofore issued should be discharged and the Suggestion for the Writ of Prohibition should be dismissed.
It is so ordered.
THOMAS, C. J., and DREW, THOR-NAL and O’CONNELL, JJ., concur.