THOMAS, Justice.
A petition for a writ of certiorari was filed in this cause challenging the order of the Full Commission on two grounds, namely, the absence of authority on the part of the so-called deputy commissioner, whose order the Commission approved, to act, and the lack of proof as to the value of services rendered by the attorney for the respondent who was awarded a fee of $1000.
The matter was originally heard by Israel Abrams, then a deputy commissioner, but before an order was entered by him he resigned from the position, 18 July I960, effective 1 October 1960; and his name was removed from the payroll of the Workmen’s Compensation Division. He was succeeded by Edward Swanko who was in turn succeeded by a deputy who later died. At the time Israel Abrams resigned he had not only not entered an order in respect of the merits of the claim but had not received any evidence relative to the fee which should be allowed claimant’s attorney.
*2 Even so the record shows that Abrams, regardless of his resignation effective about 10 months before and despite the tenure of two intervening deputies, proceeded to enter an order 26 May 1961 determining the merits of the controversy and fixing the amount of the fee, the latter upon affidavits of attorneys subscribed the preceding month.
The objections to the authority of Abrams to act were presented to the Full Commission in an application for reveiw filed IS June 1961 but that body seems not to have considered the challenge of any consequence because in the final order the Commission merely recited the charge that Abrams had no authority to act then, without discussing the matter, veered to the findings of fact by the ‘deputy commissioner’ which they decided had been supported by competent evidence.
The question cannot be brushed away so lightly. Although the Full Commission ignored it, treatment of the subject was deserved in the light of what this court has repeatedly and consistently held with reference to the power exercised by deputy commissioners. They are arbiters of fact and their findings based on facts presented to them are not to be disturbed unless evidence which they choose to believe is not competent and substantial and in accord with logic and reason. So if conflicting evidence is present and the reviewing body would have adopted a different view, the decision of the deputy prevails so long as testimony he accepted meets the test prescribed in U. S. Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741.
This principle places in a deputy’s hands a tremendous power for once he selects testimony which, apparently to him is competent, substantial, logical and reasonable and supports a claim he can extract money from the employer or carrier and cause it to be paid to another, the claimant, and he, likewise, can cause money to be taken from the employer or carrier and cause it to be paid to the attorney for successfully presenting the claim. That, to us, is the exercise of a quasi judicial, if not a judicial, act. Certainly the power should not and cannot be exercised by one who is not only not a deputy commissioner but who having been one and severed his connection with the Florida Industrial Commission has thereby unmistakably signified abjuration of the power once entrusted to him, a renouncement sealed by acceptance on the part of the Commission.
Under the statute in effect when Abrams entered his final order, Sec. 440.45, Florida Statutes 1959, and until it was amended by Chapter 61-133, effective 1 July 1961, F.S. A., the Commission was authorized, subject to the approval of the governor, to appoint deputy commissioners and to delegate to them “such powers and authority as * * necessary to enable them to effectively perform their duties.” This authority and these powers can be appraised by a study of Chapter 440, “Workmen’s Compensation Law,” but it is not necessary further to detail them here. The point is that at the relevant time a deputy commissioner must have been lawfully commissioned as a prerequisite to the exercise of the powers defined in the chapter.
In the instant case obviously Abrams had not been appointed or approved and he was not positioned to exercise power. So far as this litigation was concerned he was a stranger. It may have appeared convenient and sensible for him to finish what he had started when he had the status of a deputy but he could not be reinvested with power by convenience. If the Commission thought that he should from a practical standpoint conclude the dispute, they should 'have tracked the statute and appointed him for the purpose, a course we approved in Josey v. Florida Industrial Commission et al., Fla., 118 So.2d 777.
We consider the action of Abrams to have been void so the order of the Full Commission approving, though obliquely, his power to act is quashed with directions to remand the cause for determination by *3 one authorized and empowered to do that by hearing further testimony on the merits if that be necessary, and by entertaining testimony relevant to the fee which should be allowed claimant’s attorney if the claimant eventually prevails.
TERRELL, Acting C. J., DREW and CALDWELL, JJ., and GOLDMAN, Circuit Judge, concur.